**W. I. ANDERSON & CO., Inc., et al. v. ALA-BAMA GREAT SOUTHERN R. CO. et al.**

**No. 1657.**

District Court, N. D. Georgia, Atlanta Division.

April 11, 1941.

J. Ellis Mundy, Asst. U. S. Atty., of Atlanta, Ga., for Clerk of Court.

Rembert Marshall, of Atlanta, Ga. and Charles Clark, of Washington, D. C., for movant.

UNDERWOOD, District Judge.

The above motion came on for hearing, after repeated settings for trial and post-ponements from time to time for cause, and was heard orally and on briefs.

The issue presented is whether or not the Clerk correctly taxed the Clerk's costs upon a judgment of the Court which incorporated within itself separate findings of the Court and separate recoveries awarded to plaintiffs against numerous defendants, the Clerk having considered the separate re-coveries, amounting to one hundred and sixty (160) in all, as separate judgments subject to the additional fee allowed the Clerk under Section 551, Title 28, U.S.C.A.

This section provides: "Upon the entry of any 'judgment, decree,' or final order of the court in any suit or proceeding there shall be charged and collected by the clerk, from the prevailing party or parties, as an additional fee for services performed and to be performed in said suit or proceeding, the further sum of $5." It is not attempted to justify the taxing of this fee under any other statute and therefore, if it is not properly taxed under this statute, it should not be taxed at all.

It is expressly provided by statute, 28 U.S.C.A. § 548, that: "The fees provided for in sections 549 to 555 of this chapter, and no other, shall be charged and collected by clerks of the district courts of the United States for services performed by them or their assistants."

The judgment entered in this case by the Court provided: "that all costs in these cases are adjudged against the defendants." This, of course, meant all costs legally taxable against them.

Section 551 above quoted expressly provides that the additional fee of $5 should be taxed against the prevailing party and there is no authority for taxing this cost against the losing party. To transfer the obligation for the payment of this fee to the losing party, it would be necessary to legally tax same against the prevailing party and thereafter allow same as part of the costs.

However, cases of this kind are controlled by Section 16, paragraph 2, Title 49 U.S.C.A., which provides that plaintiff, "shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal."

Since plaintiffs are the prevailing parties in this case and no costs, in the circumstances of this case, could be taxed against them, I do not find any law which would authorize the Clerk to tax the fees in question against defendants.

The law with respect to this additional fee is entirely different from the allowance of attorneys' fees, which are expressly allowed by statute, in the following words: "If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of

the costs of the suit." 49 U.S.C.A. § 16(2).

It is, therefore, ordered and adjudged that said motion to retax costs be, and hereby is, sustained, and the Clerk is directed to retax the costs in this case eliminating the additional fees erroneously taxed under Section 551, Title 28 U.S.C.A.